IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDITH SAMS                              *
                                         *
                                         *
           v.                            *      Civil No. – JFM-13-1311
                                         *
ENTRUST ARIZONA, LLC, et al.             *
                                      ******

# MEMORANDUM

Plaintiff has instituted this action, on her own behalf and on the behalf of persons allegedly similarly situated, against Entrust Arizona, LLC, Juan Pablo Dahdah, the Entrust Group, Inc., Entrust Administration, Inc., Hugh Bromma, First Trust Company of Onaga, and Mechanics Bank. The defendants are associated with the custodians and/or administrators of a self-directed individual retirement account ("SDIRA") established by plaintiff. The loss alleged by plaintiff arises from her investment in a Ponzi scheme allegedly set up and managed by Mike Watson, of Provo, Utah. Watson is not named as a defendant. Defendants have filed a motion to dismiss the second amended complaint ("SAC") filed by plaintiff. Their motions will be granted.

As an initial matter, the SAC is rambling and disjointed. It fails to meet the requirement of Fed. R. Civ. P. 8(a)(2) that a complaint provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Further, the SAC has not stated with particularity the circumstances constituting "fraud or mistake" as required by Fed. R. Civ. P. 9(b). In any event, to the extent they can be gleaned, the facts alleged by plaintiff do not give rise to any cause of action against the named defendants.

Before addressing each of these five claims asserted by plaintiff, I believe that it is important to point out one fact that is *not* alleged by plaintiff: that the defendants knew that Watson was running a Ponzi scheme. If that fact were alleged, some of the rulings I am making in this memorandum undoubtedly would be different.

First, plaintiff's conversion claim fails because there is no plausible allegation that any defendant exercised ownership or dominion over the investment made by plaintiff with Watson. *See generally Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 262,     A.2d     (2004); *Levine v. Entrust Group, Inc.*, 213 W.L. 1320498, at *7 (N.D. Cal. April 1, 2013). Moreover, under Maryland law (which the parties appear to agree applies to this claim) money is not subject to a conversion claim. *Allied Inv. Corp. v. Jason*, 354 Md. 547, 564, 731 A.2d 957, 966 (1999).

Second, plaintiff's claim for fraudulent concealment fails because the first element of such a claim is that a defendant owed a duty to the plaintiff to disclose a material fact, *see Green v. H&R Block, Inc.*, 355 Md. 488, 525, 735 A.2d 1039, 1059 (1999), and no confidential or fiduciary relationship existed between plaintiff and defendants that gave rise to such a duty. *See Moran v. Bromma*, 2013 U.S. Dist. LEXIS 127064, at ¶13 (E.D. Cal. Sept. 4, 2013); *Brown v. California Pension Adm'rs and Consultants, Inc.*, 45 Cal. App. 4th 333, 347, 52 Cal Rptr. 788 (1996). Moreover, none of the facts allegedly concealed by defendants caused in any way the damages that plaintiff claims, with the exception that the fair market value of plaintiffs' SDIRA was overstated and not investigated by defendants. As to that issue, the law is clear that SDIRA administrators and consultants have no duty to determine the fair market value of the investments in an IRA. *See Levine,* 2013 W.L. 2606407, at *3; *Grant v. Pensco Trust Co., LLC*, 2013 U.S. Dist. LEXIS 4772673, at *14-15 (Sept. 3, 2013).

Third, plaintiff has wholly failed to particularize her RICO claims. Moreover, absent an allegation that defendants acted in concert with Watson, there is no causal connection between what plaintiff appears to be alleging and any damage that she suffered.

Fourth, plaintiff has not alleged any facts that support her breach of contract claim. Indeed, the gravamen of plaintiff's claims appears to be that defendants complied with the contract terms, including the term that plaintiff was to be responsible for her own investments.

Fifth, plaintiff's breach of fiduciary duty claim fails because, as stated above, defendants owed no fiduciary duty to her.

A separate order granting defendants' motions and dismissing the SAC is being entered herewith.


Date:   June 19, 2014            ___/s/_____
                                 J. Frederick Motz
                                 United States District Judge